Lori Jordan Isley
Bernardo Rafael Cruz
COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Matt Adams
Glenda M. Aldana Madrid
Leila Kang
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTONIO SANCHEZ OCHOA, | **JURY DEMANDED** |
| Plaintiff, | |
| vs. | No. |
| ED W. CAMPBELL, Director of Yakima County Department of Corrections; SCOTT HIMES, Chief of the Yakima County Department of Corrections; and YAKIMA COUNTY, | COMPLAINT |
| Defendants. | |

## **PRELIMINARY STATEMENT**

1. This suit challenges Defendants' policy and practice of detaining individuals, including the Plaintiff, prior to being released from Yakima County custody based solely on Administrative Warrants issued by the U.S. Department of

COMPLAINT - 1

Homeland Security (DHS), with no judicial warrant or independent finding of probable cause that the person has committed a crime. The DHS Administrative Warrants are directed to immigration officers, and do not provide state or local law enforcement officers with any authority to arrest or detain individuals for immigration violations. Defendants' policy and practice of placing an "immigration hold" based on DHS Administrative Warrants has resulted in the Plaintiff being unable to post bond and to be released pending the resolution of his state charges. The Defendants' practices violate the federal constitutional rights of the Plaintiff and countless others.

2. The lawsuit seeks declaratory and injunctive relief to require the Defendants to immediately remove the unlawful immigration hold on Plaintiff, to declare the practice unconstitutional, to enjoin the use of such holds and to thereby allow the Plaintiff and others similarly situated to secure their release.

## **JURISDICTION AND VENUE**

3. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question).

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

4. The proper venue for this action is in the Eastern District of Washington pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

5. Plaintiff Antonio Sanchez Ochoa is presently in the custody of the Yakima County Department of Corrections at the Yakima County Jail.

6. Defendant Ed W. Campbell is the Director of the Yakima County Department of Corrections. Director Campbell is a legal custodian of Plaintiff and is sued in his official capacity.

7. Defendant Scott Himes is the Chief of the Yakima County Department of Corrections. Chief Himes is a legal custodian of Plaintiff and is sued in his official capacity.

8. Defendant Yakima County is the local governmental entity responsible for the Department of Corrections and its running of the Yakima County Jail.

## STATEMENT OF FACTS

9. Plaintiff has been in the custody of the Yakima County Department of Corrections (DOC) since May 3, 2017 and is currently charged with second degree assault and malicious mischief, offenses under state law.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

10. Plaintiff has not been charged with a federal offense, or sentenced and awaiting transport to a Bureau of Prisons facility.

11. Plaintiff remains in custody pursuant to the state criminal proceeding and is thus not detained for purposes of awaiting hearing on his immigration status or deportation.

**Immigration Holds are Unlawfully Based on Administrative Warrants**

12. An immigration official interviewed the Plaintiff while he was in custody at the Yakima County Jail on or about May 3, 2017.

13. No Yakima County DOC staff person advised the Plaintiff as to whether or not he could refuse to speak with immigration officials.

14. It is the policy of the Yakima County DOC not to advise individuals in its custody that they have a right to refuse to speak to, or to refuse to be presented for an interview with, immigration officials while in custody at the Yakima County Jail.

15. Nonetheless, during the interview with the immigration official, the Plaintiff exercised his right to remain silent by refusing to speak with the official.

16. On May 4, 2017, an immigration officer issued a DHS Warrant for Arrest of an Alien on Form I-200 (Administrative Warrant) on the Plaintiff.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

17. The Administrative Warrant is signed by immigration officer Michael Gladish.

18. The Administrative Warrant states that the Plaintiff has been determined to be removable from the United States and authorizes "any immigration officer" to arrest the Plaintiff and take him into custody for removal proceedings.

19. The Administrative Warrant does not authorize state or local officials to take any action.

20. The Administrative Warrant does not direct or request state or local officials to take any action.

21. Yet on the public Jail Roster maintained by the Yakima County DOC pursuant to RCW 70.48.100, Defendants report that Plaintiff's offenses include an immigration hold and identify the Court as "FED"—presumably short for "federal"—even though no federal court has issued a warrant for the Plaintiff's arrest or has sought to exercise jurisdiction over the Plaintiff.

22. There is no other basis, other than the Administrative Warrant, for the immigration hold designation placed on the Plaintiff by the Yakima County DOC.

23. DHS has not even filed a detainer notice, Form I-247 (or Form I-247A), requesting that Yakima County place an immigration hold on the Plaintiff.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

24. Immigration detainers are requests by DHS to other federal, state, or local law enforcement agencies asking that these agencies notify DHS before releasing an individual subject to a detainer from their custody and maintain custody over the individual for up to 48 hours so that DHS can make provisions to take custody of that individual. *See* 8 C.F.R. § 287.7(a).

25. Defendant Chief Himes is the Yakima County DOC staff person responsible for implementing, supervising and training related to Yakima County DOC policies and practices related to immigration holds.

26. In May 2014, Defendant Chief Himes sent at least two email messages to Yakima DOC staff advising them that Yakima DOC would not hold inmates on DHS detainers and would not be accepting detainers to hold inmates.

27. Defendant Director Campbell is the Yakima County DOC official responsible for setting policy for the Yakima County DOC, supervising all staff and ensuring the lawful operation of the Yakima County Jail.

28. On March 16, 2017, Defendant Director Campbell confirmed by email that the Yakima DOC no longer accepts "Ice Detainers" and that had been the practice for the past two years.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

29. On March 24, 2017, Defendants Campbell and Himes met with Columbia Legal Services and other Yakima County staff to discuss Yakima DOC policies and practices related to immigration holds.

30. During the meeting on March 24, 2017, Defendant Chief Himes confirmed that as of May 2014, it was the policy of the Yakima County DOC to refuse to honor immigration detainers (Form I-247) due to a federal court decision in Oregon.

31. During the same meeting, Defendants Director Campbell and Chief Himes also confirmed that the Yakima County DOC places immigration holds on individuals based not on judicial warrants, but on administrative warrants, like the one DHS served on the Plaintiff.

32. The Yakima County DOC does not have any written training materials or protocols to provide DOC staff guidance on placing, maintaining or removing immigration holds.

33. On information and belief, Defendants Director Campbell and Chief Himes have failed to properly train or supervise Yakima County DOC staff and failed to properly promulgate policies and standards to ensure that the Yakima County Jail is operated in a constitutional manner.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

**Immigration Holds Unlawfully Prevent Release From County Custody**

34. On July 5, 2017, Plaintiff through his attorneys at Columbia Legal Services and the Northwest Immigrant Rights Project requested that Defendants remove the immigration hold on Plaintiff, as the Administrative Warrant provided no independent basis of probable cause and provided no legal authority for any entity other than immigration officers to detain Plaintiff.

35. In a letter dated July 6, 2017, Defendant Director Campbell advised Plaintiff's attorneys that Plaintiff "can bail on his ICE hold" but that the Yakima County Jail "do[es] not accept the bail" that Plaintiff may post, because "[i]t must be processed through the Federal courts." Ex. 1 - Letter from Campbell. Defendant Director Campbell noted that the Yakima County DOC "has asked ICE officials to explain this process" to Plaintiff.

36. Defendant Director Campbell's response confirms that the policy and practice of the Yakima County DOC is to not accept bail where an individual has an "ICE hold" and that release must be secured through the Federal Courts even though the individual, like Plaintiff, is in Yakima County custody only.

37. Defendant Director Campbell and Yakima County DOC will not release the Plaintiff from custody, even if the Plaintiff somehow manages to post bond on his pending State charges.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

38. Rather, on information and belief, Defendants would instead transfer Plaintiff to DHS custody upon release from Yakima County custody, as they do with others similarly situated.

39. Plaintiff is in Yakima County custody, therefore the only bail he is required to post is that which is required by those charges.

40. Plaintiff's bond amount on the pending criminal charges is currently set at $50,000.

41. Plaintiff has been unable to secure services of a bail bondsperson to post bond on his criminal changes because those entities understand the policy and practice of the Yakima County DOC is that an immigration hold prevents an individual from being released.

42. Plaintiff's family members otherwise have sufficient financial resources to pay the amount necessary to meet the current bond amount.

43. Defendants' failure to remove the unlawful immigration hold as requested is preventing Plaintiff from being released from Yakima County custody.

44. Defendants' policy and practice of placing immigration holds on individuals also unlawfully prevents those persons from participating in pre-trial release and diversion programs.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

# CAUSE OF ACTION

## Detention in Violation of Civil Rights – 42 U.S.C. § 1983

45. The policy and practice of Defendants and the individual acts of Defendants Director Campbell and Chief Himes in placing and refusing to remove immigration holds based solely on DHS Administrative Warrants has resulted in Plaintiff's continued detention without probable cause and without a judicial warrant, injuring Plaintiff and violating his right under the Fourth Amendment to the U.S. Constitution to be free from unreasonable seizures.

46. As a result of this deprivation of his rights, Plaintiff has suffered damages, including emotional distress.

## PRAYER FOR RELIEF

Plaintiff asks this Court to grant him the following relief:

1. Declare that the Yakima County DOC policy and practice of placing immigration holds based solely on Administrative Warrants is unlawful and violates the rights guaranteed by the Fourth Amendment;

2. Declare that the Yakima County DOC policy and practice of preventing detainees the opportunity to post bail if they have an immigration hold is unlawful and violates the rights guaranteed by the Fourth Amendment;

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

3. Enjoin Yakima County DOC, its Director, and Chief from placing and/or maintaining immigration holds based solely on Administrative Warrants;

4. Enjoin Yakima County DOC, its Director, and Chief from refusing to allow persons with immigration holds to post bail;

5. Order the immediate removal of the immigration hold against Plaintiff;

6. Award Plaintiff damages arising from Defendants' unlawful detention in an amount to be proven at trial;

7. Award attorney fees and costs under 42 U.S.C. § 1988, and under any other basis justified under law; and

8. Grant other further relief as just and appropriate.

///

///

///

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

DATED this 17th day of July, 2017.

| COLUMBIA LEGAL SERVICES | NORTHWEST IMMIGRANT RIGHTS PROJECT |
|---|---|
| s/ Lori Jordan Isley<br>Lori Jordan Isley, WSBA #21724<br>Bernardo Rafael Cruz, WSBA #51382<br>Attorneys for Plaintiff<br>6 South Second Street, Suite 600<br>Yakima, WA 98901<br>Phone: (509) 575-5593 x. 217<br>lori.isley@columbialegal.org<br>bernardo.cruz@columbialegal.org | s/ Matt Adams<br>Matt Adams, WSBA #28287<br>Glenda M. Aldana Madrid, WSBA #46987 (*application for admission forthcoming*)<br>Leila Kang, WSBA #48048 (*application for admission forthcoming*)<br>Attorneys for Plaintiff<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104<br>Phone: (206) 957-8611<br>matt@nwirp.org<br>glenda@nwirp.org<br>leila@nwirp.org |