Lori Jordan Isley
Bernardo Rafael Cruz
COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Matt Adams
Glenda M. Aldana Madrid
Leila Kang
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTONIO SANCHEZ-OCHOA,<br><br>                     Plaintiff,<br>vs.<br><br>ED W. CAMPBELL, Director of Yakima County Department of Corrections;<br>SCOTT HIMES, Chief of the Yakima County Department of Corrections; and<br>YAKIMA COUNTY.<br><br>                     Defendants. | No. 1:17-CV-03124-SMJ<br><br>MOTION IN SUPPORT OF TEMPORARY RESTRAINING ORDER<br><br>7/21/2017<br>With Oral Argument: 9:30 a.m.<br>Spokane, WA |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff is in the custody of the Yakima County Department of Corrections (DOC) based on state court charges, but is unable to post bond and be released because of the immigration hold placed on him by Defendants. The only basis for the immigration hold is an Administrative Warrant that provides no authority to

Defendants to detain Plaintiff. Plaintiff respectfully requests that this Court enter a temporary restraining order directing Defendants to remove the immigration hold so that he can post bail and be released from the Yakima County Jail.

## II. FACTUAL BACKGROUND

The only basis for Defendants' immigration hold is a Department of Homeland Security (DHS) Warrant for Arrest, Form I-200 (Administrative Warrant). *See Bueno Decl.,* Ex. 1. The Yakima County Jail Roster reports an "Immigration Hold" on Plaintiff and identifies the court as federal, even though there is no proceeding pending against Plaintiff in federal court. *See id.* Ex. 2.

On July 5, 2017, Plaintiff requested that Yakima County remove the immigration hold on him as the Administrative Warrant provides no independent basis of probable cause and provides no legal authority for any entity other than immigration officers to detain Plaintiff. *Id.* Ex. 3. In a letter dated July 6, 2017, Director Campbell advised Plaintiff's attorneys that Plaintiff "can bail on his ICE hold" but that the Yakima County Jail "do[es] not accept the bail" that Plaintiff may post, because "[i]t must be processed through the Federal courts." *Id.* Ex. 4.

The bond on Plaintiff's criminal charges is currently set at $50,000. *Id.* Ex. 2. Even though Plaintiff's family members have sufficient financial resources to pay the amount necessary for a bail bondsperson to post bond for

Plaintiff, they have been unable to secure those services because of the immigration hold. *Reyes Decl.* ¶¶ 3-6; *see Isquierdo Decl.* ¶ 4 & *Stevens Decl.* ¶ 4.

## III.  ARGUMENT

Plaintiff is entitled to a temporary restraining order requiring Defendants to remove the immigration hold placed on him. The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is also appropriate when a plaintiff raises 'serious questions' as to the merits and 'the balance of hardships tips sharply in [plaintiff's] favor," where the other two elements are also satisfied. *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1103 n.4 (9th Cir. 2016) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011)).

**A. Plaintiff is Likely to Succeed on the Merits and Alternatively Raises Serious Questions as to the Merits.**

To demonstrate his entitlement to relief under 42 U.S.C. § 1983, Plaintiff must show: "(1) a violation of rights protected by the Constitution or created by a

federal statue, (2) proximately caused (3) by a conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

    1. Plaintiff's Fourth Amendment Rights are being Violated.

Plaintiff is likely to succeed on the merits of his § 1983 action because the policy and practice of Yakima County and the individual acts of Defendants Director Campbell and Chief Himes in placing and refusing to remove immigration holds based solely on DHS Administrative Warrants has resulted in Plaintiff's continued detention without probable cause and without a judicial warrant. This is injuring Plaintiff and violating his rights under the U.S. Constitution.

The Fourth Amendment requires both probable cause and a finding by a neutral magistrate to justify the detention of an individual. *See Manuel v. City of Joliet*, 137 S. Ct. 911, 918, 197 L.Ed.2d 312, 322 (2017); *Gerstein v. Pugh*, 420 U.S. 103, 113-18 (1975); *Coolidge v. New Hampshire*, 403 U.S. 443 (1971) (finding a warrant issued by the Attorney General to be invalid because he was not a neutral magistrate and in charge of prosecution).

Here, Yakima County placed an immigration hold on Plaintiff after receiving an I-200 form from DHS. Although the I-200 form states that the immigration officer has probable cause, unlike a judicial warrant, it was issued by the immigration enforcement agency without any review by a neutral judge. *See* 8 C.F.R. § 287.5(e)(2). Similar to the Attorney General who was in charge of

MOTION ISO TRO - 4

prosecution in *Coolidge*, immigration enforcement officers are in charge of prosecuting immigration violations and are thus unable to be neutral finders of probable cause. *Coolidge*, 403 U.S. at 453 s*ee also El Badrawi v. Dep't of Homeland Sec.*, 579 F. Supp. 2d 249, 275-76 (D. Conn. 2008) (treating as warrantless an arrest pursuant to an administrative warrant signed by a DHS agent after finding the agent was not a "neutral magistrate (or even a neutral executive official)").

Notably, the I-200 is direct *only* to "immigration officer[s]" authorized by statute to serve immigration warrants , and does not even purport to provide direction or authority to other federal officers, let alone to state, county or other local officials to place an immigration hold or perform any other immigration enforcement activity. *Bueno Decl.* Ex. 1. Thus, Yakima County had no authority to place a hold in the first instance.

In addition, the use of Administrative Warrants carries the same deficiencies as those recognized by federal courts with respect to the use of ICE detainers.[1]

---

[1] ICE detainers are issued on forms I-247 and I-247a, which unlike the Administrative Warrant, request that other *law enforcement officials* maintain custody of an individual. U.S. Immigration and Customs Enforcement,

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Several courts have found that ICE detainers violate Fourth Amendment protections because they do not furnish probable cause to justify custodial detention. For instance, in *Clackamas County*, the court held the County violated Miranda-Olivares's Fourth Amendment rights by relying only on an ICE detainer to detain her without probable cause—both after she was eligible for pre-trial release upon posting bail and after her release from state charges. *Miranda-Olivares v. Clackamas Cnty.*, No. 3:12-cv-02317-ST, 2014 U.S. Dist. LEXIS 50340, at *33 (D. Or. Apr. 11, 2014). Prolonged detention, such as full custodial confinement without a warrant, must be based on probable cause. *Id*. at *32. An ICE detainer did not afford the requisite probable cause, rendering Miranda-Olivares's continued detention under it illegal. *Id*. at *33.

Similarly, Yakima County is violating Plaintiff's Fourth Amendment rights by detaining him without probable cause when he is eligible for pre-trial release upon posting bail. It makes no legal difference that Plaintiff's detention is based on an Administrative Warrant instead of an ICE detainer. Detention is unlawful in both cases as neither document reflects a finding of probable cause to justify detention.

---

https://www.ice.gov/doclib/secure-communities/pdf/immigration-detainer-form.pdf (last visited Jul. 17, 2017).

In *Orellana*, the court held that Nobles County and the county sheriff violated Orellana's Fourth Amendment rights by prolonging his detention pursuant to an ICE detainer without making the particularized assessment probable cause demands. *Orellana v. Nobles Cnty.*, No. 15-3852 ADM/SER, 2017 U.S. Dist. LEXIS 2438, at *25 (D. Minn. Jan. 6, 2017). Probable cause requires more than the defendant's belief that "[Orellana] was a [noncitizen] subject to removal from the United States" since "it is not a crime for a removable [noncitizen] to remain present in the United States." *Id.* at *23, (quoting *Arizona v. United States*, 567 U.S. 387, 132 S. Ct. 2492, 2505, 183 L. Ed. 2d 351 (2012)).

The language of the I-200 Administrative Warrant is similarly deficient to that of the ICE detainer form in *Miranda-Olivares* and *Orellana*. The ICE officer did not make a particularized assessment that Plaintiff was a flight risk, instead only stating he had probable cause to believe Plaintiff is removable from the United States. Just as important, like the detainer form, the Administrative Warrant is unsupported by a finding of probable cause by a neutral magistrate. Moreover, as previously noted, the Administrative Warrant does not even purport to direct Yakima County officials to take any action. Because Defendants lack a probable cause determination by a neutral magistrate, Plaintiff's ongoing detention based solely on the I-200 form violates Plaintiff's Fourth Amendment rights.

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

2. <u>Defendants Are Causing the Constitutional Violation under Color of State Law.</u>

Defendants are Yakima County and Yakima County DOC staff responsible for administering immigration holds. *Complaint* ¶¶ 24-35. Counties and county officials responsible for policies may be liable for violations under § 1983. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 469-70 (9th Cir. 2003). Defendants Director Campbell and Chief Himes are acting under color of law because their actions are performed while they are acting in the scope of their official duties; the performance of their duties has had the purpose and effect of influencing the behavior of others; and the violation alleged is related in a meaningful way to the performance of their duties. *See Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2006). Defendants are causing the constitutional violation in three ways. First, Defendants have placed an unlawful immigration hold on Plaintiff – one that is not based on independent probable cause or a judicial warrant. Second, Defendants will not accept bail from the Plaintiff. *See Bueno Decl.*, Ex. 4. Third, Defendants' immigration hold prevents the Plaintiff from obtaining the bond he would otherwise be able to obtain to secure his release on state court charges. *See Bueno Decl.* Ex. 2; *Reyes Decl.* ¶¶ 3-6; *Isquierdo Decl.* ¶ 4; *Stevens Decl.* ¶ 4.

**B. Plaintiff is suffering and will continue to suffer immediate and irreparable harm if relief is not granted.**

Plaintiffs seeking preliminary relief must show that irreparable injury is

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

likely in the absence of an injunction. *Winter*, 555 U.S. at 8. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Defendants' policies and practices on the use of immigration holds is causing Plaintiff to continue to be detained in Yakima County DOC custody in violation of his Fourth Amendment rights.

What is more, Defendants' unlawful actions not only deprive Plaintiff of his freedom, but they keep him from being with and supporting his family, including his eight-year-old daughter. *See Reyes Decl.* ¶ 7. Plaintiff has the financial means to be able to post the bond set by the Yakima County Superior Court, provided the immigration hold is removed and the Defendants accept the bond. *Id.* ¶ 6.

### C. The balance of hardships and the public interest both support issuance of a Temporary Restraining Order.

In balancing the equities, the Court must consider "the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (internal quotation omitted). Since this case involves the government, the balance-of-equities factor merges with the fourth factor, public interest. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2013).

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

The balance of hardships in this case tips sharply in Plaintiffs' favor. Plaintiff is detained in Yakima County Jail. His trial is currently scheduled for August 7, 2017, but likely to be further delayed. During this time Plaintiff is unlawfully being denied the right to seek pre-trial release, and thus being deprived of his liberty and ability to remain close to his family and friends, including his daughter. In contrast, Defendants do not face any hardship if Plaintiff is released. A Superior Court Judge has already determined that Plaintiff is entitled to release prior to trial upon posting bail.

The public interest, moreover, is in Plaintiff's favor. Defendants have no interest in ensuring that immigration officials be able to detain Plaintiff on civil violations of immigration law, for their role is not to enforce federal immigration laws. *See Arizona v. United States*, 567 U.S. 387, 407 374, 408-09 (as a general rule, it is not a crime for a removable [noncitizen] to remain present in the United States and Congress did not intend to grant state officials authority to enforce immigration absent specific, limited circumstances). The public, on the other hand, has an interest in preventing the continued violation of Plaintiff's Fourth Amendment rights. *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

MOTION ISO TRO - 10

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

## IV. CONCLUSION

Plaintiff has met the criteria for this Court to grant a temporary restraining order. Accordingly, this Court should enter such an order.

DATED this 18th day of July, 2017.

| COLUMBIA LEGAL SERVICES | NORTHWEST IMMIGRANT RIGHTS PROJECT |
|---|---|
| s/ Lori Jordan Isley<br>Lori Jordan Isley, WSBA #21724<br>Bernardo Rafael Cruz, WSBA #51382<br>Attorneys for Plaintiffs<br>6 South Second Street, Suite 600<br>Yakima, WA 98901<br>Phone: (509) 575-5593<br>lori.isley@columbialegal.org<br>bernardo.cruz@columbialegal.org | s/ Matt Adams<br>Matt Adams, WSBA #28287<br>Glenda M. Aldana Madrid, WSBA #46987 (*application for admission forthcoming*)<br>Leila Kang, WSBA #48048 (*application for admission forthcoming*)<br>Attorney for Plaintiffs<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104<br>Phone: (206) 957-8611<br>matt@nwirp.org<br>glenda@nwirp.org<br>leila@nwirp.org |

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Lori Jordan Isley | lori.isley@columbialegal.org, cheli.bueno@columbialegal.org, elvia.bueno@columbialegal.org |
| Bernardo R. Cruz | bernardo.cruz@columbialegal.org |
| Matt Adams | matt@nwirp.org |
| Glenda M. Aldana Madrid | glenda@nwirp.org |
| Leila Kang | leila@nwirp.org |

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

_/s/ Arasele Bueno_
Arasele Bueno