Lori Jordan Isley
Bernardo Rafael Cruz
COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

Matt Adams
Glenda M. Aldana Madrid
Leila Kang
NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8611

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTONIO SANCHEZ OCHOA,<br><br>        Plaintiff,<br> vs.<br><br>ED W. CAMPBELL, Director of Yakima County Department of Corrections; SCOTT HIMES, Chief of the Yakima County Department of Corrections; and YAKIMA COUNTY,<br><br>        Defendants. | No. 1:17-CV-03124-SMJ<br><br>PLAINTIFF'S RESPONSE TO THE STATEMENT OF INTEREST ON BEHALF OF THE UNITED STATES |

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 1

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

## I. INTRODUCTION

The United States primarily focuses on arguing that Yakima County officials are permitted to cooperate with federal immigration enforcement. This, however, lends no justification for the challenged conduct: Yakima County's placement of an immigration hold on Mr. Sanchez solely based on an I-200 Administrative Warrant, without any finding of probable cause by a neutral magistrate. The Supreme Court and the Ninth Circuit have held that state and local officials are not authorized to conduct immigration enforcement activities. In an attempt to legitimize Defendants' policy and practice, the United States mischaracterizes the nature and scope of the I-200 Administrative Warrant, as well as the Intergovernmental Agreement ("IGA") that exists between Yakima County and the federal government. Contrary to the United States' assertions, neither document provides Yakima County officials any authority to arrest Mr. Sanchez or to extend his detention without probable cause. Regardless of whether *federal* immigration officers may rely on administrative warrants to make arrests, the Fourth Amendment clearly prohibits state and local officials from detaining individuals like Mr. Sanchez without a warrant or finding of probable cause issued by a neutral magistrate. Furthermore, the IGA does not authorize Yakima County to hold Mr. Sanchez for the purpose of automatically transferring him into ICE custody.

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 2

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

## II. ARGUMENT

### A. Yakima County officials are not authorized to engage in immigration enforcement activities.

As acknowledged by the United States' memorandum, [ECF No. 26 at 4](#), the federal government "has broad, undoubted power over the subject of immigration and the status of [noncitizens]." *Arizona v. United States*, 567 U.S. 387, 394 (2012). In *Arizona v. United States*, the Supreme Court explained that state and local officers are not authorized "to decide whether [a noncitizen] should be detained for being removable" because "the removal process is entrusted to the discretion of the Federal Government." *Id.* at 409; *see also Melendres v. Arpaio,* 695 F.3d 990, 1000-01 (9th Cir. 2012) (local officials lacked authority to enforce federal civil immigration law).

"[S]tate officers may not make warrantless arrests of [noncitizens] based on possible removability except in specific, limited circumstances." *Arizona v. United States*, 567 U.S. at 410. An exception applies when a state or local government has entered into a formal agreement with the federal government as authorized by specific provisions of the Immigration and Nationality Act ("INA"). *See id.*. at 408-09 (discussing specific statutory exceptions to general principle that state officers may not perform immigration enforcement activities. Because of the complex nature of federal immigration law, these agreements "must contain

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 3

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

written certification that [state or local] officers have received adequate training to carry out the duties of an immigration officer." *Id.* at 409 (citing 8 U.S.C. § 1257(g)(2) and implementing regulations at 8 C.F.R. 287.5(c)). In this case, there are no "specific, limited circumstances" that allow Yakima County officials to engage in federal immigration enforcement activities. It is undisputed that no agreement under 8 U.S.C. § 1357(g) exists between Yakima County and the federal government, and that Yakima County officers have not been trained and certified to engage in immigration enforcement.

The United States seeks to justify Yakima County's use of immigration holds by stating that the county is only "sharing release date information with ICE." [ECF No. 26 at 23](ECF No. 26 at 23). Mr. Sanchez does not challenge the county's prerogative to cooperate with federal immigration enforcement through information sharing. *See, e.g.*, *Arizona v. United* States, 567 U.S. at 410 ( "[s]tate officials can . . . assist the Federal Government by responding to requests for information about when [a noncitizen] will be released from their custody."). Yakima County's current practice, however, is not limited to mere information sharing with ICE. Rather, the immigration hold placed by the county extends the detention of individuals who are otherwise eligible for release by ensuring that they are automatically transferred into ICE custody even without apprehension by a federal immigration officer. *See* [ECF No. 26-1 at ¶11](ECF No. 26-1 at ¶11).

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 4

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

**B.   The I-200 Administrative Warrant does not authorize Yakima County officials to make civil immigration arrests on behalf of ICE.**

As confirmed by the United States' memorandum and supporting declaration, Yakima County relies solely on an I-200 Administrative Warrant to record an immigration hold in the county's electronic jail management system. *See* ECF No. 26 at 2; ECF No. 26-1 at ¶¶8-9. Notably, while the United States alleges that ICE's current policy requires that "all detainers issued by ICE must be accompanied by a warrant for arrest or warrant of removal/deportation," ECF No. 26 at 34 (quotation marks omitted), the only document that has been issued against Mr. Sanchez here is an administrative warrant, and not a detainer request from ICE. ECF No. 26-1 at ¶8.

**1.   The I-200 Administrative Warrant does not furnish sufficient probable cause to justify custodial detention.**

An I-200 Administrative Warrant issued by ICE does not furnish probable cause to justify Yakima County's hold on individuals such as Mr. Sanchez. *See* ECF No. 6 at 4-5. By contrast to a judicial warrant, an administrative warrant is not reviewed by a neutral magistrate. *See* 8 C.F.R. 287.5(e)(2). The Supreme Court has held that an arrest warrant issued by the Attorney General was invalid because he was not a neutral magistrate and instead, in charge of prosecution. *Coolidge v. New Hampshire*, 403 U.S. 443 (1971). Similarly, here, the administrative warrant that

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST  - 5

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

forms the basis of Mr. Sanchez's immigration hold has been issued by enforcement officers in charge of prosecuting immigration violations. The United States disregards decisions such as *El Badrawi v. Dep't of Homeland Sec.*, in which a federal court determined that an arrest pursuant to an administrative warrant signed by an immigration officer should be treated as a warrantless arrest precisely because the officer who issued the warrant is not a "neutral magistrate (or even a neutral executive official)." 579 F.Supp.2d 249, 275-76 (D.Conn. 2008).

Rather than attempting to show that administrative warrants issued by ICE comport with Fourth Amendment requirements, the United States simply asserts that "various Fourth Amendment protections do not apply" to immigration arrests because they constitute civil, not criminal, proceedings. ECF No. 26 at 30 (quotation marks omitted); *see also id.* at 31-32.

### 2. The I-200 Administrative Warrant does not authorize Yakima County officials to engage in federal immigration enforcement.

The United States also urges that "state and local officers may rely on the probable cause determinations made by ICE contained in its administrative warrants." ECF No. 26 at 35. This argument plainly contradicts not only the text of Form I-200—which is addressed to "[a]ny *immigration officer*"—but also the language of the regulations that govern administrative warrants. *See* 8 C.F.R. 236.1(b)(1) ("A warrant of arrest may be issued only by those immigration officers

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 6

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

listed in § 287.5(e)(2) of this chapter and may be served only by those immigration officers listed in § 287.5(e)(3) of this chapter."); 8 C.F.R. 287.5(e)(2) (listing *immigration officers* with authority to issue warrant of arrest); 8 C.F.R. 287.5(e)(3) ("The following *immigration officers* who have successfully completed basic immigration law enforcement training are hereby authorized and designated to exercise the power pursuant to section 287(a) of the Act to execute warrants of arrest for administrative immigration violations.") (emphasis added). Therefore, while the INA and implementing regulations may "authorize[] the federal government to effectuate the arrest itself", ECF No. 26 at 25, they provide no authority for state officials to execute the administrative warrants for purposes of immigration enforcement. *See, e.g.*, *Santos*, 725 F.3d at 457 ("But the civil immigration warrant did not provide the [county] deputies with a basis to arrest or even briefly detain Santos.").

That the governing regulations limit the authority to issue and execute I-200 Administrative Warrants to specific federal officers is consistent with the overall scheme of immigration enforcement, under which state and local officials lack the authority to enforce federal immigration laws. *See supra* § II.A. The United States argues without merit that "[l]ocal officers are entitled to rely on ICE's findings of probable cause as articulated in the administrative warrant." ECF No. 26 at 36. The authorities cited in support of this proposition, *id.*, are inapposite because they

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 7

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

involved cases in which two different law enforcement agencies *each* had proper authority to investigate and enforce the criminal offense in question. *See United States v. Hensley*, 469 U.S. 221 (1985); *Illinois v. Andreas*, 463 U.S. 765, 772 n.5. By contrast, Yakima County is not authorized to investigate and enforce civil immigration laws. The I-200 Administrative Warrant, explicitly addressed to federal immigration officers, does not authorize county officials to rely on the probable cause determination of an ICE officer in order to effectuate a temporary detention.

### 3. The I-200 Administrative Warrant does not exempt county officials from strictures of the Fourth Amendment.

Remarkably, the United States asserts without support that Yakima County may conduct "temporary detentions . . . premised on administrative warrants rather than warrants issued by an Article III or magistrate judge" due to the civil, rather than criminal, nature of immigration proceedings. ECF No. 26 at 30-31. This assertion is followed by various cases describing the civil nature of immigration proceedings, *see id.*, but none that exempt state and local officials from Fourth Amendment standards when cooperating with immigration enforcement activities. To the contrary, many courts have applied Fourth Amendment standards to determine whether local officials violated the Constitution in temporarily detaining individuals for immigration violations. *See, e.g.*, *Santos*, 725 F.3d at 468 ("deputies

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 8

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

violated Santos's rights under the Fourth Amendment when they seized her after learning that she was the subject of a civil immigration warrant"); *Miranda-Olivares v. Clackamas County*, No. 3:12-cv-02317-ST, 2014 WL 1414305, at *11 (D. Or. Apr. 11, 2014) ("the Fourth Amendment applies to County's detention of Miranda–Olivares after she was entitled to pre-trial release on bail"). Regardless of whether federal immigration officers can arrest and detain individuals for immigration violations based on an administrative warrant, Yakima County officials remain subject to the requirements of the Fourth Amendment. Because county officers lack the authority to enforce the immigration laws—"a purely civil matter," *Melendres*, 695 F.3d at 1002—any arrest or extension of detention must be supported by a finding or probable cause by a neutral magistrate.

Finally, the United States errs in trying to cabin the findings of *Arizona* just to those cases where local authorities are not acting at the direction or request of federal authorities. As federal courts have repeatedly found, detainers issued by DHS are not mandatory, and the County remains liable for taking action at the request of DHS as that alone is insufficient to establish probable cause. *See Galarza v. Szalczyk*, 745 F.3d 634, 645 (3d Cir. 2014); *El Badawri,* 579 F.Supp.2d at 275; ECF No. 6 at 6-7. While the United States points to the Fourth Circuit decision in *Santos* for support, even in that case, the court held the local officials had no authority to detain the petitioner, despite the fact the there was a civil

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 9

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

immigration arrest warrant. 725 F.3d 451, 457 ("But the civil immigration warrant did not provide the deputies with a basis to arrest or even briefly detain Santos.").

### C. The Intergovernmental Agreement between Yakima County and ICE does not allow Defendants to detain individuals without probable cause.

The IGA that exists between Yakima County and ICE does not alter the analysis. The IGA is an agreement that allows ICE to rent bed space from Yakima County for purposes of housing federal detainees, not an agreement that provides Yakima County with authority to engage in immigration enforcement. *See Second Bueno Decl.*, Ex. 1. Mr. Sanchez is currently in the custody of Yakima County. He is aware that if he posts bond and is released from Yakima County Jail, he may then be apprehended by ICE officers and booked into the jail again, this time as a federal detainee whose custody falls under the IGA. *See* ECF No. 26 at 19-20.

The United States erroneously asserts, however, that under the IGA, "ICE may request that the County *hold* the alien for a limited period of time pursuant to the administrative warrant as permitted by IGA." ECF No. 26-1 at ¶11 (emphasis added); *see also* ECF No. 26 at 45. Rather, the IGA clarifies that "[t]he Local Government agrees to accept federal detainees *only upon presentation by a law enforcement officer of the Federal Government* with proper agency credentials." *Second Bueno Decl.,* Ex. 1, at 11 (emphasis added). Yakima County's practice of "holding" individuals who are entitled to release from county custody and merely

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 10

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

changing their status to "ICE custody" is invalid, absent proper processing of the detainee by a federal government officer.

Additionally, the IGA specifies that "Yakima County 'agrees to release federal detainees only to law enforcement officers of the Federal Government agency initially committing the federal detainee (i.e., . . . Immigration and Customs Enforcement, etc.) or to a Deputy United States Marshal (DUSM)." ECF No. 26-1 at ¶10. By the government's own terms, the IGA does not apply to individuals such as Mr. Sanchez, who are clearly under county custody. Until Mr. Sanchez is actually released from the facility and apprehended by a federal officer, he would not constitute a "federal detainee" for purposes of the IGA.

The IGA does not authorize Yakima County to hold individuals who are released from county custody solely based on an administrative warrant issued by ICE, without any finding of probable cause. As discussed above, such conduct would constitute a violation of the Fourth Amendment and contravenes well-established principles prohibiting state officials from enforcing federal immigration laws.

### III. CONCLUSION

This Court should find that Yakima County has no authority to enter an immigration hold against Mr. Sanchez based on the administrative warrant.

PLAINTIFF'S RESPONSE TO UNITED STATES
STATEMENT OF INTEREST - 11

COLUMBIA LEGAL SERVICES
6 South Second Street, Suite 600
Yakima, WA 98901
(509) 575-5593

DATED this 24th day of July, 2017.

| COLUMBIA LEGAL SERVICES | NORTHWEST IMMIGRANT RIGHTS PROJECT |
|---|---|
| s/ Lori Jordan Isley<br>Lori Jordan Isley, WSBA #21724<br>Bernardo Rafael Cruz, WSBA #51382<br>Attorneys for Plaintiffs<br>6 South Second Street, Suite 600<br>Yakima, WA 98901<br>Phone: (509) 575-5593<br>lori.isley@columbialegal.org<br>bernardo.cruz@columbialegal.org | s/ Matt Adams<br>Matt Adams, WSBA #28287<br>Glenda M. Aldana Madrid, WSBA #46987 (*application for admission forthcoming*)<br>Leila Kang, WSBA #48048 (*application for admission forthcoming*)<br>Attorney for Plaintiffs<br>615 Second Avenue, Suite 400<br>Seattle, WA 98104<br>Phone: (206) 957-8611<br>matt@nwirp.org<br>glenda@nwirp.org<br>leila@nwirp.org |

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Lori Jordan Isley | lori.isley@columbialegal.org, cheli.bueno@columbialegal.org, elvia.bueno@columbialegal.org |
| Matt Adams | matt@nwirp.org |
| Kenneth W. Harper | kharper@mjbe.com, julie@mjbe.com, kathy@mjbe.com |
| Quinn N. Plant | qplant@mjbe.com, janet@mjbe.com, julie@mjbe.com, kathy@mjbe.com, sbeyer@mjbe.com |
| Erez Reuveni | erez.r.reuveni@usdoj.gov |
| Vanessa Ruth Waldref | Vanessa.R.Waldref@usdoj.gov, mary.f.buhl@usdoj.gov |

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None.

*/s/ Arasele Bueno*
Arasele Bueno