FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANTONIO SANCHEZ OCHOA,<br><br>                Plaintiff,<br><br>       v.<br><br>ED W. CAMPBELL, Director of Yakima County Department of Corrections; SCOTT HIMES, Chief of the Yakima County Department of Corrections; and YAKIMA COUNTY,<br><br>                Defendants. | No. 1:17-CV-03124-SMJ<br><br>**PROTECTIVE ORDER** |

      Before the Court, without oral argument, is Plaintiff Antonio Sanchez Ochoa's Motion for Protective Order, ECF No. 108. Plaintiff seeks a protective order forbidding Defendants' inquiry into Plaintiff's immigration status, as well as similar information for his family members, neighbors, and acquaintances. *Id.* Defendants oppose the motion. ECF No. 110. Having reviewed the pleadings and the file in this matter, the Court is fully informed and partially grants the motion.

PROTECTIVE ORDER - 1

# DISCUSSION[1]

## A. Meet and Confer Requirement

Federal Rule of Civil Procedure 26 permits a party from whom discovery is sought to seek a protective order. As a prerequisite to judicial intervention, the movant must certify that "the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Plaintiff's counsel, Matthew H. Adams, certified that he conferred with Defendants' attorney, Kenneth W. Harper, on September 14, 2018, but was unable to resolve the dispute. ECF No. 109 at 2. The Court therefore finds that the parties have satisfied the meet and confer requirement.

## B. Good Cause Requirement

The scope of discovery is broad and evidence need not be admissible to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] The Court notes that in Plaintiff's Exhibit A, ECF No. 108-1 at 6, Plaintiff's proposed protective order (this Court's protective order in a companion case) includes prohibiting discovery of residential addresses and employment history. However, Plaintiff does not address this in his motion and so, fails to meet his burden to show good cause. Thus, the Court only addresses immigration status.

PROTECTIVE ORDER - 2

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Rule 26(c) permits the Court to limit discovery via protective order when a party seeking the order establishes good cause for protection from "annoyance, embarrassment, oppression, or undue burden or expense . . . ." The burden of persuasion is on the party seeking the protective order to show good cause by "demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1064 (9th Cir. 2004). "If a court finds a particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd. v. Gen. Motors. Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

Here, Plaintiff seeks a protective order prohibiting Defendants from inquiring into Plaintiff's immigration status. ECF No. 108. Plaintiff argues that such information may have a "chilling effect" on civil rights litigation and is irrelevant to Defendants' liability or affirmative defenses in this action. *Id.* Plaintiff also acknowledges marginal relevance to the question of damages. *Id.* Defendants respond that Plaintiff's concerns can be addressed by a limitation on the dissemination of confidential information. ECF No. 110.

PROTECTIVE ORDER - 3

The Court agrees with the parties that such immigration status information is relevant in the computation of emotional distress damages, even if marginally. Because emotional distress damages pertain only to Plaintiff, however, the Court does not see the relevance of the immigration status information of others, and prohibits such inquiry accordingly.

However, the Court cannot agree with Plaintiff that harm or prejudice will result from the discovery, because Plaintiff cannot demonstrate particularized harm. Most cases involving protective orders for immigration status information involve undocumented plaintiffs who might face criminal prosecution, deportation, or workplace retaliation. Even if documented, plaintiffs may fear a change in immigration status, or worry that their status would be publicized. *See Rivera*, 364 F.3d at 1064. But here, Plaintiff has already been removed and does not face any of these consequences. And without a finding of particularized harm, the Court does not engage in a balancing test of the private and public interests.

Defendants suggest that limited dissemination will alleviate Plaintiff's concerns. The Court agrees that the parties may benefit from a protective order limiting dissemination to protect the sensitive nature of immigration status information.

//

//

PROTECTIVE ORDER - 4

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion for Protective Order, **ECF No. 108**, is **GRANTED IN PART** and **DENIED IN PART**.

**2.** Defendants may inquire—through written discovery or in depositions—about the immigration status of <u>Plaintiff only</u>. This includes, but is not limited to: place of birth, national origin, immigration documents, passports, visas, social security numbers or statements, tax identification numbers or other tax information, status of immigration proceedings, and information regarding entry into the United States. Plaintiff shall designate such information as CONFIDENTIAL.

**3.** Information designated as CONFIDENTIAL shall be used by Defendants solely for the purposes of this litigation, and may be disclosed only to the following persons:

*A.* any employee or former employee of a party to whom it is deemed necessary that the designated materials be shown for purpose of the litigation, provided that such employee or former employee shall be advised that he or she is subject to the terms of this Protective Order before being provided designated materials;

***B.*** counsel for the respective parties, and employees and independent contractors for counsel that are engaged in work necessary to assist in this litigation. "Counsel" shall mean the attorneys and their firms that have entered an appearance in this case as of the date this Protective Order is issued;

***C.*** third-party experts or consultants, and their employees, who are engaged to assist in this litigation and have been advised that they are subject to the terms of this Protective Order before being provided designated materials;

***D.*** a witness in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the designated material is necessary, provided that the witness agrees to be bound by the Protective Order and that the witness may not retain copies of designated material;

***E.*** the author of the document and anyone shown on the document as having received it in the ordinary course of business;

***F.*** the Court and its staff and personnel;

**G.** any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the parties, and his or her staff; and

**H.** any other person upon stipulation by the parties.

**4.** In the event that Defendants disagree with a CONFIDENTIAL designation, they shall provide written notice of their disagreement and the reasons for such disagreement. The parties shall meet and confer to try to resolve the disagreement within seven (7) days. If the dispute is not resolved after such time then Defendants shall file a motion with the Court within seven (7) days. The designated information shall retain its designated status until such time as (a) the parties expressly agree otherwise in writing; or (b) the Court orders otherwise, unless such order is stayed pending appellate review.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 28th day of September 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge